UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LYNDA GAULDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-01497-TWP-TAB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

This matter is before the Court on Petitioner Lynda N. Gaulden's ("Gaulden") Motion to Vacate, Set Aside or Correct Sentence. Having examined the pleadings in this action, and the records in the underlying criminal action, the Court finds that the Gaulden's motion for relief pursuant to 28 U.S.C. § 2255 must be denied. In addition, the Court finds that a certificate of appealability should not be issued.

**I. The Motion for Relief Pursuant to 28 U.S.C. § 2255**

**A. Background**

The pleadings and the expanded record establish the following:

1.     Gaulden was charged in No. 1:12-cr-00212-TWP-TAB-03 with three drug offenses. On April 1, 2013, she filed a petition to enter a plea of guilty. Two days later, Gaulden and the United States filed a plea agreement providing that she would plead guilty to Count 1 Conspiracy to Possess with Intent to Distribute and to Distribute 50 grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 814(a)(1) and 846. In exchange, the United States would dismiss Count 2 and Count 3. The plea agreement further provided, in part, that Gaulden

1

waived her right to appeal and her right to contest her conviction in an action pursuant to 28 U.S.C. § 2255. The plea agreement and Gaulden's guilty plea were accepted, and on April 29, 2014 Gaulden was sentenced. No appeal was filed. Later, Gaulden filed this action for relief pursuant to 28 U.S.C. § 2255 on September 12, 2014.

## B. Discussion

The plea agreement in No. 1:12-cr-00212-TWP-TAB-03 contained a waiver provision which has already been described. Plea agreements are interpreted in accordance with ordinary principles of contract law. *United States v. Monroe,* 580 F.3d 552, 556 (7th Cir. 2009). "Therefore, when a plea agreement is unambiguous on its face, this court generally interprets the agreement according to its plain meaning." *Id.*

The waiver provision is a not an uncommon provision when a prosecution concludes with the acceptance of a plea agreement. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States,* 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a

collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan,* 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). That was the nature of Gaulden's guilty plea in No. 1:12-cr-00212-TWP-TAB-03. The United States' *Factual* Basis [dkt 167 in No. 1:12-cr-00212-TWP-TAB-03] established the conduct supporting Gaulden's culpability for the conspiracy in which she participated. Gaulden did not dispute the Factual Basis, which recites in detail her possession and sale of a handgun to an undercover officer in July 2012 and the presence of firearms in the bedroom of her residence in December 2012, and it is this which rendered her ineligible for a "safety valve" sentence because 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a)(2) provide that the mandatory minimum sentence shall not apply if the defendant satisfies certain requirements, one of which is that she "did not . . . possess a firearm . . . in connection with the offense."

Gaulden has not shown that her plea agreement and her subsequent guilty plea were not knowingly and voluntarily made. Any contention otherwise is refuted by the record. *United States v. Bradley*, 248 F.3d 1160 (7th Cir. 2000). That record binds Gaulden and demonstrates that there is no merit to her challenge to the conviction based on her plea of guilty. "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan,* 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Gaulden has not met that burden.  Further, Gaulden has not alleged or shown that she suffered prejudice from deficient representation. *See Vinyard v. United States*, 804 F.3d

3

1218, 1225 (7th Cir. 2015)("Under the familiar two-pronged test of *Strickland,* Vinyard must show both that his attorney's performance was deficient and that he was prejudiced as a result."). There is no other circumstance suggesting that the waiver provision could or should not be enforced.

### C. Conclusion

The foregoing shows that the waiver provision of Gaulden's plea agreement is enforceable. Because Gaulden's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." *Nunez v. United States,* 546 F.3d 450, 453 (7th Cir. 2008).

Gaulden's motion for relief pursuant to 28 U.S.C. § 2255 and the underlying record fail to show that her conviction has been entered in violation of the Constitution or laws of the United States. That motion [**dkt. 1**] is therefore denied.

Judgment consistent with this Entry shall now issue.

**A copy of this Entry shall be docketed in the underlying criminal action, No. 1:12-cr-00212-TWP-TAB-03**.

### II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Gaulden has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 12/9/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

LYNDA GAULDEN
11110-028
ALDERSON FEDERAL PRISON CAMP
Inmate Mail/Parcels
GLEN RAY RD. BOX A
ALDERSON, WV 24910